FILED
September 20, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002939890

Hilton A. Ryder, # 54470
McCormick, Barstow, Sheppard
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

Fresno Division

| | |
|---|---|
| In Re<br><br>LUIS M. AZEVEDO,<br><br>Debtor. | Case No. 10-16950-A-12<br><br>Chapter Number: 12<br><br>Docket Control No. HAR-2 |

### CHAPTER 12 PLAN OF REORGANIZATION

The Debtor hereby proposes the following Chapter 12 Plan (hereinafter "Plan") for adjustment of debt and makes the following declarations pursuant to Chapter 12, Title 11, United States Code:

I

### SUBMISSION OF INCOME

The Debtor is a family farmer with regular annual income and is eligible to be a Debtor under Chapter 12, Title 11, United States Code.

Debtor submits to the supervision and control of the Chapter 12 Trustee the sums described on Exhibit "1" out of the future income of the Debtor as is necessary for the execution of this Chapter 12 Plan. Debtor will be able to make all payments under this Chapter 12 Plan and will be able to comply with the provision of this Chapter 12 Plan. The schedule of payments by the Debtor to the Chapter 12 Trustee is given on Exhibit "1."

Upon the failure to make any payment to the trustee called for by this Plan, the Chapter 12 Trustee may move the Court for dismissal of the Chapter 12 case.

The Chapter 12 Plan provides for payments as shown on Exhibit "1."

## II

## CLASSIFICATION AND TREATMENT OF CLAIMS

1. **Class 1 Claims**: Claims entitled to treatment as administrative claims under § 507(a) shall be Class 1 claims. Class 1 claims are generally claims arising after filing and will be paid in full. Any Class 1 claim that requires prior Court approval shall be paid upon receipt of such approval. Class 1 claims shall be paid directly as an expenditure necessary for the continuation, preservation, and operation of the Debtor's business.

2. **Class 2 Claims**: Allowed secured claims shall be Class 2 claims. All Class 2 claims and their treatment are listed on Exhibit "4," which includes the curing of any default that exists at time of confirmation. Only allowed secured claims will receive the treatment described on Exhibit "4." The duly filed and allowed Class 2 claims shall be paid in annual, semi-annual, quarterly, or monthly payments as described on Exhibit "4." The value of the payments on the effective date of the Chapter 12 Plan is equal to the allowed amount of the secured claim. Each Class 2 claimant shall retain its liens or security interests securing its claim. The Debtor is the owner of the property serving as collateral for the Class 2 claims. The Debtor is aware of the condition of the property securing the Class 2 claims and knows its value. On the effective date of the Chapter 12 Plan, the collateral has the values set out on Exhibit "4." The value given is based upon an orderly disposition of the collateral in a commercially reasonable manner. The value, as of the effective date of the Chapter 12 Plan, of the series of payments to be distributed under the Chapter 12 Plan on account of each allowed secured Class 2 claim provided for by the Chapter 12 Plan is equal to the allowed amount of such claim. That portion of any Class 2 claim that exceeds the fair value of the claimant's collateral shall be classified as a general unsecured claim and shall receive the treatment provided for Class 5 claims. The allowed secured claim of each Class 2 claimant shall consist of the value of the claimant's collateral on the date of filing, if the total claim exceeds the value of the collateral, together with such interest as shall

2

accrue from confirmation, as described on Exhibit "4" or as otherwise allowed by Court order. Debtor has or will file a motion pursuant to 11 U.S.C. §506(a) to evaluate the collateral of each allowed secured claim in the event, in Debtor's opinion, the value of the collateral is less than the obligation to the creditor. The order entered pursuant to that motion shall be the allowed secured claim and allowed unsecured claim of each such creditor if different than the value set forth in Exhibit "4". Contractual penalty provisions relating to monetary defaults that would otherwise be enforceable post-petition shall not be awarded during the pendency of this Plan, nor any penalty as to any and all prepayment of the secured claims. Class 2 claims shall be paid out of the Debtor's net disposable income.

3. **Class 3 Claims**: Claims entitled to priority under § 507 shall be Class 3 claims. Class 3 claims are generally pre-filing tax and wage claims and shall be paid in full, in deferred cash payments without penalties, interest, or other charges over the term of this Chapter 12 Plan. Class 3 claims shall be paid in the order of priority set out in § 507 or as otherwise set out in this Plan. All Class 3 claims shall be paid in full before there is any distribution on account of Class 5 for general unsecured claims. Only allowed Class 3 claims will be paid. Any Class 3 claims not allowed as a priority claim will be deemed to be a Class 5 claim and any portion of such claim not paid through this Chapter 12 Plan shall be discharged.

4. **Class 4 Claims**: All claims of claimants against persons liable with the Debtor, or who secured such claims, on a consumer debt of the Debtor shall be classified as Class 4 claims. All such Class 4 claimants are listed on Exhibit "5." Each such Class 4 claim shall receive the treatment described on Exhibit "5." Class 4 claims shall be paid concurrently and pro rata with Class 5 claims.

5. **Class 5 Claims**: Allowed unsecured claims not otherwise provided for above in this Chapter 12 Plan shall be classified as Class 5 claims. All Class 5 claims are of one class and shall be paid pro rata from the funds received by the Chapter 12 Trustee that are not otherwise disbursed under this Chapter 12 Plan, in accordance with this Plan. Class 5 shall include the unsecured portion of any Class 2 claimant's claim. Class 5 claimants shall receive at least as much as they would have received in Chapter 7.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

## III

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor elects to accept or reject executory contracts and unexpired leases as provided for on Exhibit "6." All claims arising from rejection of such executory contracts and unexpired leases shall be treated as Class 5 claims.

## IV

## EFFECTIVE DATE

The effective date of this Chapter 12 Plan shall be the date of entry of the order confirming this Chapter 12 Plan.

## V

## LIENS ON EXEMPT PROPERTY

On the date of the filing of this Chapter 12, the claimants described on Exhibit "7" had judicial liens upon the Debtor's property.

In addition, the creditors shown on Exhibit "8" had non-possessory, non-purchase money security interests in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, jewelry, or other personal property described on said Exhibit "8," all of which are held for the use of the Debtor or Debtor's household or dependents.

The Debtor has claimed and is entitled to claim the property securing said judicial (Exhibit "7") and non-possessory, non-purchase money security interests (Exhibit "8") as exempt under § 522(b) of the Bankruptcy Code. The liens of said claimants impair said exemption. Debtor either has or will file a motion pursuant to 11 U.S.C. §522(f) to avoid the liens described in Exhibit "7" and Exhibit "8" that will be heard concurrently with the confirmation of this Plan. The order entered in said motion shall be controlling if inconsistent with this Plan.

## VI

## CHAPTER 7 COMPARISON

The value, as of the effective date of the Chapter 12 Plan, of property to be distributed under the Plan on account of each allowed unsecured Class 5 claim is not less than the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

7, Title 11, United States Code on such date. A comparison between what Class 5 claimants would receive in Chapter 7 as compared to this Chapter 12 is given on Exhibit "9."

This Chapter 12 Plan provides for payment to the Chapter 12 Trustee of the Debtor's net disposable income over the term of the Chapter 12 Plan. Class 5 claimants will receive as much or more on account of this Chapter 12 Plan than they would receive if the Debtor had filed Chapter 7.

## VII

## GOOD FAITH

This Chapter 12 Plan complies with provisions of Chapter 12 and all other applicable provisions of Title 11 of the United States Code. Any fee, charge, or amount required to be paid under Chapter 123 of Title 28 of the United States Code, or required by the Chapter 12 Plan to be paid before confirmation, has or will be paid prior to confirmation. The Chapter 12 Plan has been proposed in good faith and not by any means forbidden by law.

## VIII

## CONFIRMATION PROCEDURE

In the absence of written objection by a creditor filed with the Court and served upon Debtor's counsel, the Debtor, and the Chapter 12 Trustee not less than fourteen Court days prior to the date fixed for the hearing on confirmation, the Court may confirm this Chapter 12 Plan and accept the valuations, payments and allegations asserted therein.

## IX

## REVESTMENT OF PROPERTY IN DEBTOR

The automatic stay shall be lifted upon entry of the Debtor's discharge unless otherwise provided by order of Court. In the event the case is converted to a case under Chapter 7, 11, or 13 of Title 11 United States Code, property of the estate shall vest in accordance with applicable law. Unless otherwise provided, all property of the estate shall vest in the Debtor upon entry of the Debtor's discharge. The Debtor reserves the right to convert to Chapter 7 at any time.

///

///

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

# X
# OTHER PROVISIONS

1. **Post-Confirmation Financing**: Pursuant to § 1227, the Debtor may obtain post-confirmation financing under § 364 without first obtaining an order of Court, providing the Debtor is not in default on payments required by this Plan. During the pendency of this Chapter 12 Plan, all such financing arrangements shall be reported to the Chapter 12 Trustee within 30 days of consummation of such financing. It shall not be required that the Chapter 12 Trustee execute any documents to effectuate the post-confirmation crop financing.

The Debtor may give collateral for said post-confirmation financing including junior liens on encumbered assets and liens on assets not otherwise encumbered, unless otherwise provided in this Plan or the order confirming, or other order of Court.

During the pendency of this Chapter 12 Plan, and prior to dismissal or discharge, after confirmation, the Debtor may give liens to post-confirmation crop financing creditors on post-confirmation crops and livestock and their proceeds; and said liens shall be superior to the liens of all pre-petition crop liens. In the event the Court has authorized post-petition crop financing, any lien securing such post petition financing shall be superior to the lien authorized pursuant to this paragraph, unless otherwise provided by order of the Court.

Except as in the ordinary course of the Debtor's farming operation, the Debtor shall not incur any post-filing debts except with the prior written consent of the Chapter 12 Trustee.

2. **Chapter 12 Payments**: Unless otherwise instructed in writing, Debtor shall make all payments required under this Chapter 12 Plan to M. Nelson Enmark, Chapter 12 Trustee, at 3447 West Shaw Avenue, Fresno, California 93711.

3. **Effect of Confirmation**: Except as provided in § 1228(a), the provisions of a Chapter 12 Plan confirmed by the Court shall bind the Debtor, each creditor, each equity security holder and each general partner in the Debtor, whether or not the claim of such creditor or person is provided for by the Chapter 12 Plan, and whether or not such creditor or person has objected to, has accepted, or has rejected the Chapter 12 Plan.

6

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

Except as provided in § 1228(a) and except as provided in this Plan or in the order confirming the Plan, the property vesting upon discharge in the Debtor shall be free and clear of the claim or interest of any creditor provided for by this Chapter 12 Plan.

4. **Modification of Chapter 12 Plan Before or After Confirmation**: The Debtor may modify this Chapter 12 Plan at any time before or after confirmation so long as the provisions of Chapter 12 are satisfied. This paragraph is without prejudice to other parties who may modify this Plan under the provisions of Chapter 12.

5. **Discharge**: Upon completion of all payments provided for by this Chapter 12 Plan, the Court shall grant the Debtor a discharge of all debts provided for by this Chapter 12 Plan. The provisions of § 524 shall apply upon entry of the discharge. The Debtor may receive a discharge of all dischargeable debts even if all payments under the Plan have not been completed, provided the provisions of 11 U.S.C. § 1228 are otherwise satisfied.

6. **Cooperation and Reporting**: Debtor shall file all periodic reports required by the court or the Chapter 12 Trustee and shall file such reports in a timely manner.

Debtor shall file all federal, state, and local tax returns as required by applicable law and shall deliver all such completed state and local tax returns, fully executed, to the Chapter 12 Trustee at least 30 days prior to the due date for all such returns, together with funds sufficient to pay all such state and local taxes as shown on the said tax returns.

Debtor shall meet with the Chapter 12 Trustee or his representatives as reasonably required by the court or the Chapter 12 Trustee. All fees and costs charged by the Chapter 12 Trustee, as allowed by law, shall be paid from the funds of the Chapter 12 estate.

7. **Claims**: To have an allowed Class 3, 4, or 5 claim, the claimant must timely file a proof of claim or interest in accordance with Bankruptcy Rule 3002 (except as provided by Rule 3003, 3004, and 3005).

To have an allowed claim of any class except Class 1 or 2, a proof of claim must be filed within 90 days after the first date set for the Meeting of Creditors called pursuant to § 341(a), except as otherwise provided in Rule 3002. Class 1 claims shall be filed within any time allowed by order of court or otherwise fixed by law.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

A claim which is timely filed shall be allowed unless objection is made to it. In the event a holder of a disputed claim timely files a proof of claim, the Chapter 12 Trustee shall make no distribution on account of such claim, however, the Chapter 12 trustee shall reserve and hold any payments that would otherwise be payable to such disputed claim, until the objection is heard and determined by the court. The Debtor or the Chapter 12 trustee shall file and set for hearing any objections to claims within ninety days from the last day to file claims, unless the Court orders otherwise. The Debtor shall assist and cooperate with the Chapter 12 Trustee in preparing for and defending against the allowance of the disputed claim.

8. **Child and Spousal Support**: Any filed and allowed claim which is held by a spouse, a former spouse, or child of the Debtor, in the nature of alimony, maintenance, or child support as provided in § 523(a)(5), shall be paid outside this Chapter 12 Plan and directly to the claimant. Such payments shall be counted as payments reasonably necessary to be expended for the support and maintenance of the Debtor or a dependent of the Debtor under § 1225.

9. **Taxes**: Tax obligations included in Class 1 or 3 shall be paid in the following manner to the extent applicable:

    (a)    Payroll taxes shall be paid ahead of other tax related claims.

    (b)    California income taxes shall be paid ahead of federal income taxes.

    (c)    Federal income taxes shall be paid after California income taxes.

    (d)    Penalties and interest arising post-petition on Class 3 claims shall accrue during the term of this Plan, but be discharged upon completion of this Plan.

10. **Budget and Operation Statement**: Information on the Debtor's farming operation and financial data are given on Exhibit "11."

11. **Sales of Property/Return of Collateral**: If the Debtor is selling property of the estate or returning collateral of a Class 2 claimant, the terms, time, and valuation of such disposition are described on Exhibit "12" which also includes a summary of plan payments.

12. **Interest Accrual**: Interest on unsecured claims and the undersecured portion of secured claims shall cease as of the date of entry of the order for relief.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

13. **Incorporation**: Attached to this Chapter 12 Plan are numerous exhibits, each of which are incorporated herein by reference as though fully set out within the body of this Chapter 12 Plan.

14. **Adequate Protection**: The adequate protection for Class 2 claimants as required by § 1205 shall be provided by the payment treatment described on Exhibits "2" and "4." Class 2 claimants may file motions for relief from stay for cause in the event there is a non-monetary default under existing loan documents.

15. **Cash Collateral**: Any property of the estate which constitutes cash collateral may be used by the Debtor after confirmation in the ordinary course of business unless a Class 2 claimant objects. All objections to use of cash collateral shall be heard at the time of the hearing on confirmation of the Plan.

## XI

## JURISDICTION

Except as otherwise provided in this Chapter 12 Plan, all property of the estate shall remain under the exclusive jurisdiction of the court during the pendency of this Chapter 12 Plan. During the pendency of this Chapter 12 Plan, the court shall have all jurisdiction over the Debtor and the property of the estate as the court had on the date the petition commencing this Chapter 12 case was filed. Unless otherwise provided by a separate court order, confirmation of the Debtor's Plan shall continue in effect a stay similar in all respects to 11 U.S.C. § 362, to act as a stay of any act against the Debtor, property of the estate, and property of the Debtor.

///
///
///
///
///
///
///
///

## XII

## **DECLARATION**

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and this declaration is executed this 20th day of September, 2010, at Fresno, California.

_____
LUIS AZEVEDO

Dated: September 20, 2010

MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By_____
Hilton A. Ryder
Attorneys for Luis Azevedo

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

| EXHIBIT 1 SCHEDULE OF CHAPTER 12 PAYMENTS | | |
|---|---|---|
| **Annual Payments** | **Due Date** | **Amount of Payment** |
| Farmers & Merchants Bank contractual payments on obligation secured by real and personal property | Monthly | $4,200.00 |
| Contractual Payment to Farmers & Merchant Bank on tractor | Monthly | 560.00 |
| Contractual payment to Steve Allen; obligation secured by real property | Monthly | 2,124.42 |
| **Total Monthly Payments** | | **$6,884.42** |
| Payment to Unsecured Creditors | Quarterly | $1,453.36 |
| Trustee Commission | Quarterly | 161.48 |
| **Total Quarterly Payments** | | **$1,614.84** |

# EXHIBIT "2"
## EXTENSION OF PLAN TERM

The plan period shall be three (3) years.

# EXHIBIT "3"
## CLASS 1 CLAIMS

| CLAIMANT | CLAIM | REASON FOR ADMINISTRATIVE CLAIM |
|---|---|---|
| Attorney: | Unknown | |
| Accountant: | Unknown | |
| Other Professionals: | None | |
| Other Class 1 Claims: | None | |

# EXHIBIT "4"
## CLASS 2 CLAIMS

Class 2 claimants shall be paid from future earnings or future income turned over to the Chapter 12 Trustee by the Debtor. Except as modified here or in the body of the Chapter 12 Plan, Class 2 claimants shall retain all rights set forth in their note(s) and security documents or recorded liens, unless inconsistent with the provisions of Title 11.

///

///

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

If the Debtor defaults on any Class 2 payment required to be made during the pendency of this Chapter 12, the Class 2 claimant may move for relief from stay under Section 362.

All monetary defaults have been considered in calculating the allowed amount of all Class 2 claims, as provided in this Exhibit "4." Upon confirmation, all such defaults shall be deemed reasonably cured.

Except as modified in this Chapter 12 Plan, or the order confirming, the rights of Class 2 claimants shall be unaffected.

**Treatment of the Fully Secured Claim of Farmers & Merchants Bank:**

Farmers and Merchants Bank holds a first deed of trust on Debtor's dairy and a second deed of trust on 36.7 acres for a total of 54 acres securing an obligation of approximately $535,000.00. The monthly payment is $4,200.00 and is current. The obligation shall be paid according to its contract terms and is not impaired under the Plan.

**Treatment of the Fully Secured Claim of Farmers & Merchants Bank:**

Farmers and Merchants Bank holds a security interest in a International Tractor securing an obligation of approximately $25,000.00. The monthly payments is $560.00 and is current. The obligation shall be paid according to its contract terms and is not impaired under the Plan.

**Treatment of the Fully Secured Claim of Steve Allen:**

Steve Allen holds a first deed of trust on 36.7 acres of Debtor's 54 acre dairy securing an obligation of $182,700.12 payable at the rate of $2,124.42 per month. This obligation is current. This obligation shall be paid according to its contract terms and is not impaired under the Plan.

**EXHIBIT "5"**
**CLASS 4 CLAIMS OF CO-DEBTORS**

| Claimant | Amount Of Claim | Claim Treatment | Co-Debtor |
|---|---|---|---|
| None | | | |
| | | | |

## EXHIBIT "6"
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All executory contracts shall be assumed upon entry of the order confirming this Plan.

## EXHIBIT "7"
## AVOIDED JUDICIAL LIEN CREDITORS

Joe Brasil obtained a judgment and has filed a claim in the amount of $21,967.45. The obligation is secured by an abstract of Judgment recorded March 31, 2010. This Chapter 12 case was filed on June 21, 2010, within 90 days of the recording of the abstract. The abstract constitutes a preferential transfer. Debtor has filed a complaint to vacate the abstract. The claim of Joe Brasil will be treated as an unsecured claim for purposes of this Plan.

## EXHIBIT "8"
## AVOIDED NON POSSESSORY PURCHASE

None

## EXHIBIT "9"
## LIQUIDATION ANALYSIS

Debtor owns two parcels of real property. The first parcel is a 36.7 acre parcel acquired from Steve Allen which serves a collateral for a first deed of Trust held by Mr. Allen securing a balance of $182,700.12. Debtor has an additional parcel making up a total of a 54 acre dairy including the 36.7 acres that is encumbered by a first deed of trust on the dairy and a second deed of trust on the 36.7 acres held by Farmers and Merchants Bank securing an obligation of approximately $535,000.00. Debtor lives on the dairy and has claimed a $100,000.00 homestead exemption. No objections were filed to Debtor's claim of exemption. The dairy in the opinion of Debtor has a value of $895,000.00.

The following table sets fourth the assets as listed in the bankruptcy schedules where the values indicated are those in the opinion of Debtor.

///

///

| Asset | Value |
|---|---|
| 54 acre dairy | $895,000.00 |
| Cash and bank balance | 250.00 |
| Miscellaneous household goods ($2,000.00 exempt) | 0.00 |
| Miscellaneous clothing ($500.00 exempt) | 0.00 |
| Jewelry ($1,000.00 exempt) | 0.00 |
| 22 rifle ($50.00 exempt) | 0.00 |
| 12 gauge shotgun ($100.00 exempt) | 0.00 |
| Life insurance ($5,000.00 exempt) | 0.00 |
| 1988 Chevrolet S-10 ($800.00 exempt) | 0.00 |
| 1980 International dump truck ($2,000.00 exempt) | 0.00 |
| 1998 Chevrolet pickup – non-operational ($200.00 exempt) | 0.00 |
| Ford F250 ($1,500.00 exempt) | 0.00 |
| Ford Taurus | 1,000.00 |
| 50 piglets | 1,500.00 |
| 60 sows | 6,000.00 |
| 30 acres of alfalfa | 0.00 |
| International tractor | 25,000.00 |
| Miscellaneous farm equipment ($6,000.00 of which $5,175.00 is exempt) | 825.00 |
| 4 tons of hay | 200.00 |
| Pig feed | 200.00 |
| Four old mobile homes | 0.00 |
| **Total:** | **$929,975.00** |

| Secured Creditor | Value |
|---|---|
| Farmers and Merchants on real property | $535,000.00 |
| Farmers and Merchants re tractor | 25,000.00 |
| Steve Allen | 182,700.12 |
| Homestead | 100,000.00 |
| **Total:** | **$842,700.12** |

In the event of a Chapter 7 liquidation, the exempt property would be excluded from the total assets. Debtor estimates that the costs of sale for the real property would be a 6% commission and 1% selling costs for a total of 7%. Debtor estimates that the costs of liquidating the personal property at auction would be a 10% commission plus 2% to assemble and repair

14

items for a total of 12%. For purposes of this analysis an 8% costs is used because of the relatively nominal value of the personal property. The total costs of sale would therefore be $74,398.00 In the event of a Chapter 7, the Trustee's fees on $929,975.00 would be approximately 6% for a total of $55,799.00. In the event of a Chapter 7, there would be no funds available for distribution to unsecured creditors.

There are no priority claims.

The total of unsecured creditors listed in the schedules as filed was $174,403.54. In order to avoid any issues with valuations in confirming this Plan, Debtor proposes to pay 10% to the unsecured class payable quarterly which is $1,453.36 per quarter.

## EXHIBIT "10"
## DISPUTED CLAIMS

Debtors reserve the right to object to claims following confirmation.

## EXHIBIT "11"
## OPERATIONS STATEMENT

Debtor was originally in the dairy business. In 2008, his herd developed microplasma and approximately one-fourth of the animals were beefed. About one and one-half months later more microplasma showed up and the entire herd was beefed. The dairy operation was stopped on July 28, 2008. Debtor was able to lease most of the dairy for five years beginning November 2008 for $7,500.00 per month. The lease is current. Debtor retained a portion of the dairy for his hog operation and at the time of filing had 60 sows and approximately 50 piglets. Debtor's business model is to market the piglets at 30 to 50 pounds.

The real property associated with the dairy is farmed by the tenant. Debtor leases 30 acres planted to alfalfa with the alfalfa either sold or used to feed the pigs. Two mobile homes on the property are part of the lease to the tenant and the other two are normally leased for $700.00 per month. The mobile homes are of no value because they were from the late 1970's and the cost to move them exceeds the value The income from the lease of the dairy, the two mobile homes and the farming operation are adequate to make the monthly and quarterly payments provided for in this Plan.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

# SUMMARY OF PLAN PAYMENTS

## EXHIBIT "12"

The following table sets forth the payments under the Plan

| SUMMARY | | |
|---|---|---|
| Creditor | Description | Annual Amount |
| Farmers & Merchants Bank contractual payments on obligation secured by real and personal property | Monthly | $4,200.00 |
| Contractual Payment to Farmers & Merchant Bank on tractor | Monthly | 560.00 |
| Contractual payment to Steve Allen; obligation secured by real property | Monthly | 2,124.42 |
| Payment to Unsecured Creditors | Quarterly | 1,453.36 |
| Trustee's Fees | | 161.48 |
| | | |

07239/00000-1618488.v1

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501